Law Office of Avram D. White
66 Hampton Terrace
Orange, New Jersey 07050
(973) 669-0857; (888) 481-1709 Telefax;
Email: avram.randr@gmail.com
Avram D. White, Esq.
Attorney for the Debtor(s)

---

| IN RE: | UNITED STATES BANKRUPTCY COURT |
| | DISTRICT OF NEW JERSEY |
| | CHAPTER 13 |
| | CASE NO.: 17-31749-CMG |
| KIM ROBERTS, | |
| DEBTOR(S). | |

---

**COUNSEL'S CERTIFICATION IN SUPPORT OF MODIFIED CHAPTER 13 PLAN AND IN RESPONSE TO THE CHAPTER 13 TRUSTEE'S OBJECTION TO PLAN**

**AVRAM D. WHITE OF FULL AGE, HEREBY CERTIFIES AS FOLLOWS:**

1. I am counsel for the debtor in the instant Chapter 13 case and in that capacity I have personal knowledge as to the relevant facts regarding the current status of the case.

2. The debtor filed in instant case in October 2017 to address a foreclosure action. This certification is in response to the Trustee's request for writing on or before November 30, 2019 setting forth details of the debtor's efforts to modify or refinance.

3. At the time of filing the debtor was approximately $37,000 in arrears on a VA loan that had been used by the debtor and the debtor's spouse to purchase their current residence in Manchester Township, New Jersey.

4. The debtor is in her 60s. She is still working but fell behind with mortgage payments after losing income as a result of knee replacements prior to filing which caused her to be out of work for an extended period.

5. The debtor's spouse is in his 90s.  He is a retired WWII veteran with pension and social security income.

6. Contemporaneous to the Chapter 13 filing the debtor and her spouse were trying to obtain a loan modification form Wells Fargo.

7. Several months after the filing Wells Fargo informed my office by phone that the debtor would have to go the VA for loan modification because they did not have any loan modification products that matched the VA loan product.

8. After the conversation with Wells Fargo the debtor and her spouse decided to pursue a reverse mortgage and/or a refinance.

9. Shortly thereafter the reverse mortgage was ruled out, because, although the property had equity, it was not sufficient equity to support a reverse mortgage.

10. The debtor and her spouse began to pursue an VA refinance loan.

11. A primary requirement of the VA refinance was for the debtor to make at least 12 consecutive on time mortgage payments and 12 consecutive on time trustee payments.

12. This requirement was achieved in late 2018 to early 2019 and the debtors began in earnest to attempt a refinance.

13. The property was appraised and there was sufficient value to support the loan.

14. The refinance plans were partially delayed when the underwriter required the debtor's spouse to unload a separate property or face the inclusion of the separate property's tax obligation in the DTI analysis which would make the refinance loan unaffordable.

15. To unload the property, my office attempted to negotiate a short sale on behalf of the debtor's spouse. My office's efforts were unsuccessful and the property went to sheriff sale in early September.

16. The Sheriff sale was sufficient to remove the property to the DTI analysis and the refinance was back on track starting in October 2019.

17. This past week the appraiser came to the property to conduct and updated appraisal as the other appraisal expired in October.

18. The debtor and her husband have simultaneously been pursuing a loan modification.

19. My office spoke to Luz Lockward of Wells Fargo and Chad Soldheim of the VA and it was determined that the Roberts should have an opportunity to pursue a loan modification provided that they could meet initial income proofs required by Wells Fargo.

20. These proofs have been submitted along with supplemental information and the debtor and her spouse have a dedicated representative working on the modification submission with my office. As recently as this past week my office was submitting additional materials responsive to a Wells Fargo request that had a due date of December 7th.

21. It is noteworthy to add that the debtor has made every trustee payment and every post petition mortgage payment time since the inception of this case.

22. In addition the Trustee's blanket characterization of the debtor's plan as in bad faith does not take into account the debtor's ongoing efforts to either pay off the creditor in full with a refinance or become current with a loan modification.

23. The creditor, Wells Fargo is adequately protected because the debtor continues to make mortgage payments and trustee payments and the value of the subject property has increased as the loan balance has gone down during the pendency of this case.

24. Although it is unclear when Wells Fargo will have an answer as to a modification the debtor has informed that their mortgage broker anticipates that the refinance could close during the first half of December.

25. It is my hope that the Court will allow the debtor's plan to be confirmed as her efforts and actions have been in good faith during this Chapter 13 case.

26. I certify that this information is true and correct. I understand that if any of my statements are willfully false, I am subject to punishment.

DATED: NOVEMBER 30, 2019        /s/ AVRAM D. WHITE
                                ------------------------------------
                                COUNSEL TO THE DEBTOR